UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| RICHARD D. ABBOTT | DOCKET NO. 3:16-CV-1173 |
| | SECTION "P" |
| VERSUS | JUDGE ROBERT G. JAMES |
| JERRY GOODWIN | MAGISTRATE JUDGE HAYES |

**REPORT AND RECOMMENDATION**

Pro se petitioner Richard D. Abbott (DOC #366739) originally filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on August 12, 2016. [Rec. Doc. 1] As his petition challenged his conviction in the 4th Judicial District Court, he was ordered to amend his complaint using the §2254 form. [Rec. Doc. 4] Petitioner appealed the undersigned's Order to Amend on December 1, 2016. [Rec. Doc. 5] On March 23, 2017, Honorable Judge Robert G. James affirmed the undersigned's ruling and ordered petitioner to submit his complaint on a §2254 form. [Rec. Doc. 6] Petitioner did so on April 26, 2017. [Rec. Doc. 7]

Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center ("DWCC") in Homer, Louisiana. His amended petition alleges a lack of subject matter jurisdiction by the trial court and standing by the State of Louisiana. Thus, he seeks an immediate release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

*Procedural History*

Petitioner was charged in the 4th Judicial District Court with rape in Docket No. 94-F0107

and, following a jury trial, he was convicted and sentenced to life imprisonment on March 6, 1996. [Rec. Doc. 7] Petitioner appealed his conviction and sentence in the Second Circuit Court of Appeals on an unknown date, raising the following issues: (1) denial of motion for independent medical examination; (2) admissibility of videotaped interview; (3) motion for mistrial; and (4) excessiveness of sentence. *State of Louisiana v. Richard Dean Abbott*, 29, 497 (La.App. 2 Cir. 6/18/97), 697 So.2d 636. After the trial court's order of appeal was entered, Abbott moved for a new trial, urging the discovery of new evidence. *Id.* at p. 643. The Second Circuit affirmed his conviction and sentence on June 18, 1997, remanding the matter to the trial court for hearing on his motion for new trial. *Id*. Petitioner lodged an appeal in the Louisiana Supreme Court, who denied his writ on January 9, 1998. *State of Louisiana v. Richard Dean Abbott,* 705 So.2d 1097, 97-1929 (La. 1/9/98). Petitioner did not appeal to the United States Supreme Court. *Id.* Accordingly, the judgment became final on April 9, 1998.

On an unknown date, it seems petitioner filed an application for post-conviction relief in the 4th Judicial District Court, which was denied. *See State ex rel. Richard Dean Abbott v. State of Louisiana*, 66 So.2d 1289, 2000-0830 (La. 9/15/00). Petitioner sought supervisory writs in the Second Circuit Court of Appeals, No. 3392-KA; this application was denied on an unknown date. Finally, he applied for supervisory and/or remedial writs in the Louisiana Supreme Court; same was "dismissed at relator's request" on September 15, 2000. *Id.*

The instant §2254 petition was filed on April 26, 2017, raising two claims: (1) State court lacked subject matter jurisdiction; and (2) the State of Louisiana lacked standing. [Rec. Doc. 7] Petitioner admits he did not raise these issues in either a direct appeal or through post-conviction proceedings. [Rec. Doc. 7, p. 6, ¶¶ 12(c)&(d); p. 7, ¶¶ (c)&(d)]

*Law and Analysis*

*1. Limitations – 28 U.S.C. §2244(d)(1)(A)*

Title 28 U.S.C. §2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner's conviction and sentence was affirmed on January 9, 1998. *State of Louisiana*

---

[1] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

3

*v. Richard Dean Abbott,* 705 So.2d 1097, 97-1929 (La. 1/9/98). As noted above, he did not seek further direct review in the United States Supreme Court, therefore his judgment of conviction "became final by... the expiration of the time for seeking [further] direct review..." 90 days later or, on or about April 9, 1998, when the time limits for seeking further direct review by filing a petition for *certiorari* in the United States Supreme Court expired. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999) (A state conviction "becomes final upon direct review, which occurs upon denial of *certiorari* by the Supreme Court or expiration of the period for seeking *certiorari*."

Thereafter, petitioner had one year, or until April 9, 1999, to file his federal *habeas corpus* suit. Assuming Petitioner filed a timely application for post-conviction relief, he was able to toll the period of limitations during the time that the post-conviction proceeding was pending. Petitioner filed an application for post-conviction relief on an unspecified date, which remained pending in the Louisiana courts until September 15, 2000, when the Louisiana Supreme Court dismissed it at petitioner's request. *See State ex rel. Richard Dean Abbott v. State of Louisiana*, 66 So.2d 1289, 2000-0830 (La. 9/15/00). Even with the benefit of tolling of the limitations period from the date of conviction until the conclusion of post-conviction review on September 15, 2000, Petitioner's claim is time-barred. Petitioner had one year, or until September 15, 2001, within which to file a § 2254 petition.

*2. Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting

4

his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims. Finally, he cannot contend that he has been diligent in the pursuit of his rights. To the contrary, petitioner allowed a period of almost seventeen years to expire before filing this petition.

### 3. Exhaustion of State Court Remedies

Even if the petition was not subject to dismissal as time-barred, it would be subject to dismissal on other grounds. Since petitioner contests the custody associated with the judgment of a State court his *habeas* petition is authorized by the provisions of 28 U.S.C. §2254 which also provides,

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

5

"The exhaustion requirement 'is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.' " *Moore v. Quarterman*, 491 F.3d 213, 220 (5th Cir.2007)(quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir.2003)).

To satisfy the exhaustion requirement, the *habeas* petitioner must have fairly presented the substance of his federal *habeas corpus* claims to the highest state court. *Vasquez v. Hillery*, 474 U.S. 254, 257-58, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir.2005). In Louisiana, the highest court is the Louisiana Supreme Court; therefore, in order to satisfy the statutory and jurisprudential requirement of exhaustion, a *habeas corpus* petitioner who seeks to collaterally attack his Louisiana conviction must have presented his claims in a procedurally correct manner to the Louisiana Supreme Court before raising those claims in federal court.

Petitioner admits in the instant petition that he has not exhausted available State court remedies. [Rec. Doc. 7, p. 6, ¶¶ 12(c)&(d); p. 7, ¶¶ (c)&(d)] Petitioner has not litigated his *habeas corpus* claims in Louisiana's Supreme Court and his failure to exhaust those state court remedies also mandates dismissal of his petition.

***Conclusion and Recommendation***

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) and, in the alternative, because petitioner has not exhausted available state court remedies prior to filing suit in Federal Court.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe , Louisiana, June 8, 2017.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**